HILO SUGAR COMPANY *vs.* H. C. AUSTIN, Tax Assessor.

BEFORE FULL COURT, BY AGREEMENT.

HEARING, JULY 16, 1891. DECISION, JULY 27, 1891.

JUDD, C.J., BICKERTON AND DOLE, JJ. McCULLY, J., ABSENT.

The directions in the printed blanks, furnished for returns of tax-payers, are not framed so as to be authoritative rules of the Minister of Finance, in pursuance of Section 69, Chapter 43, Laws of 1882, and they have not been published so as to be obligatory upon all persons.

The tax return of the plaintiff, giving acreage of its lands, their character and value, and the names of the lands, is a sufficient compliance with Section 33 of the Taxation Act, which requires the return to give the "description, situation and value" of the real estate.

OPINION OF THE COURT, BY JUDD, C.J.

This is a bill in equity, to enjoin the collection of the taxes for the year 1890, assessed upon the property of the plaintiff corporation. It alleges that the plaintiff, by its manager, made a sworn return of its property to the assessor within the statutory time; that it was objected to as not containing certain particulars alleged by the assessor to be required by a regulation of the Minister of Finance, and that on the assessor increasing the returned valuation from $300,929.29 to $416,096.29, the plaintiff tendered costs and asked for an appeal, which was denied on the ground that the return did not comply with the law. The plaintiff tenders and pays into court $3,009.29, the tax upon the valuation in the return, and prays that the tax collector may be enjoined from collecting any further sum.

The first question involved in this case is, is there any rule or regulation by the Minister of Finance in force and validity requiring the particulars in the return asked for by the assessor?

The 69th Section of the Taxation Act of 1882 (Compiled Laws, p. 131) is as follows: "The Minister of Finance shall have power, and it is hereby made his duty, to prescribe all needful rules and regulations for the assessment and collection of taxes, in cases where no such rules and regulations are made by law; provided, however, that the same shall not be in contravention of any existing statute or inconsistent with the Constitution."

There is on the 4th page of the blank "return" or "statement" furnished to the tax-payer to be filled in, signed and sworn to by him, a series of directions, beginning "all property must be assessed at its full cash value as of July 1st, 18—," and ending with a number of questions: "Are you an agent of an insurance company? If so, state the name of the company and the amount of actual premiums received during the year previous to 1st July, 18—, $—; number of carriages and wagons used for hire and pleasure; number of wagons, carts and drays used for work only; number of dogs; are you a member of any fire or military company? and what one? All schedules attached to this return are a part hereof and must be filled out. Approved by Godfrey Brown, Minister of Finance."

Then follows a part of Section 69, Chapter 43, Laws of 1882, which has been quoted in full in this opinion.

Some of the directions above mentioned are definitions and particulars taken from the statutes, but often changed in language, or with many particulars not in the statute. One of the so-called rules reads: "In making a return please state the street and number of lots in town, and lots in the country should be described by noting the name of the Ili or Ahupuaa in which they are situated; also state if any property has been sold during the year, to whom and for what price; also the number of the royal patent and the Land Commissioners' Award."

We notice that this page of the return is not headed "Rules and Regulations for the assessment and collection of taxes made

by the Minister of Finance in pursuance of the law," etc., or by anything to indicate that they are authoritative and have the force of law. The use of the word "please" in the direction to state the street and number of the town lots would indicate that compliance with it is optional with the tax-payer.

It is not enough to say that these so-called rules have been distributed to each tax-payer, and that the plaintiff has had notice of them brought home to him. The statute prescribes that "No written law shall be obligatory without being first printed and made public." Section 1, Civil Code, page 1, Compiled Laws. A rule of a department of the Government, made in pursuance of a statute, must be printed and published as a general rule obligatory on all persons, and cannot be put into operation by piecemeal by giving notice of it to one individual after another.

No provision is made in the 69th Section of the Taxation Act of 1882 for the publication of these rules, although such a provision is common. *Vide* the publication required of regulations made by the Board of Health, p. 72, Compiled Laws. But we regard the general provision in the first Section of the Civil Code as a sufficient declaration of the principle that all laws, and, *a fortiori*, all regulations that have the force of law, shall· be *published*. They should be framed in a manner that they speak for themselves, and purport to be regulations made in pursuance of the statute and have the force of law.

We are unable to hold in favor of the position taken by the Government in this case, that the regulations printed on the blank returns furnished to tax-payers are either framed so as to be authoritative, or that they have been published so as to be obligatory.

But it is urged by respondent that the return in question does not comply with the statute (Section 33, Compiled Laws, page 123) that requires a statement of the "description, situation and value" of the real and personal estate, belonging, etc. The return states the number of acres of each kind of land, to wit, 2161 acres of cane land, and their value at $20.00 per acre; 2167 acres of bush and waste land at $1.00 per acre. Total

4328 acres. And on another Schedule, C., the names of ten lands, under the heading "Lands and parts held in fee simple by the Hilo Sugar Company," with the gross acreage repeated as above.

The cane lands in Schedule A are further classified: 1668 acres Crop cane, 520 Un-ground, 560 Young plant, 396 Young stools. Another Schedule, B, gives the names of the lands leased to the Hilo Sugar Company, the names of the lessors, and the statement that the company covenants to pay taxes on these lands and that they are "returned among the cane lands in the body of this return."

The schedules have blanks, which were not filled by the plaintiff, for the numbers of the royal patents and of awards of the Land Commission, estimated yield in tons of sugar per acre, and in the schedule for leased lands are columns also for rent per acre, term and time of expiration of lease. The respondent has treated the statement in question as no return with the particulars required by law, and has undertaken to doom the plaintiff because the columns in the schedules requiring the numbers of the royal patents and awards, etc., are not filled out We regard this as unwarranted.

The statute requirements of "description, situation, and value" were complied with by the plaintiff in giving the particulars it did give. If the amount of the property or the valuation were deemed insufficient by the assessor, he was authorized to add to the amount and increase the valuation, and if this was not conceded by the plaintiff corporation it had the right of appeal; and before the appeal board, on the proofs taken, it would be made to appear which was right.

Holding, as we do, that the particulars required by the printed blank returns were not authorized by a valid regulation of the Minister of Finance, and that the plaintiff company has complied with the particulars required by the statute in the statement made, we do not feel called upon to say if a rule requiring taxpayers to give details of their titles to real estate, and estimates of the prospective yield of their growing crops, would be in contravention of the statute.

The plaintiff corporation has been denied its appeal from the increased assessment. The Tax Appeal Board has been dissolved by efflux of time, and the plaintiff has no remedy except that prayed for in the bill. Let this be granted it.

*F. M. Hatch,* for plaintiff.

*A. P. Peterson,* for respondent.

